**\*AMENDED**
**HLD-008**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2630
_____

IN RE:  DENNIS JACOBS,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-15-cv-04826)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 24, 2017

Before: SMITH, <u>Chief</u> <u>Judge,</u> MCKEE and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 28, 2017)
_____

OPINION*
_____

PER CURIAM

Pro <u>se</u> petitioner, Dennis Jacobs, seeks a writ of mandamus to compel the District

Court to rule on a motion he filed pursuant to 28 U.S.C. § 2255.  In an Opinion and an

Order entered on September 15, 2017, the District Court denied the motion and declined

to issue Jacobs a certificate of appealability.  In light of the District Court's action, this

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

mandamus petition no longer presents a live controversy.  Therefore, we will dismiss it as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

If Jacobs wishes to seek appellate review of the District Court's adverse decision with respect to his § 2255 motion, he should file his notice of appeal in the District Court within the time period set forth in Fed. R. App. P. 4(a)(1)(B).